UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN ADAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security of the United States of America,<br><br>  Defendant. | No. 2:14-cv-0704 AC<br><br><br>ORDER |

This case was referred to the undersigned by E.D. Cal. R. 302(c)(15). Before the court is defendant Colvin's ("the Commissioner") motion (ECF No. 21) to reconsider the court's order granting plaintiff's motion for summary judgment and remanding for the immediate calculation and award of benefits (ECF No. 19). For the reasons discussed below, the court will deny the Commissioner's motion.

## I. LEGAL STANDARD

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon,

1

197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000)).

However, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." Allstate, 634 F.3d at 1111 (internal quotation marks omitted). Amendment of judgment is sparingly used to serve the dual "interests of finality and conservation of judicial resources." See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

## II.  PROCEDURAL BACKGROUND

On March 17, 2014, plaintiff filed this action seeking reversal of the Commissioner's decision to deny her benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1381-1383f. ECF No. 1.[1] On September 2, 2015, the court granted plaintiff's subsequent motion for summary judgment, denied the Commissioner's cross-motion for summary judgment, and remanded the matter to the Commissioner for the immediate calculation and award of benefits. ECF No. 19.

The court found that the Administrative Law Judge ("ALJ") improperly rejected the opinion of plaintiff's treating physician (Dr. Ann Murphy). ECF No. 19 at 11-15. The court also found that the ALJ improperly rejected two separate opinions of the examining clinical psychologist (Dr. Sydney Cormier), as well as the opinions of two treating psychotherapists (Billy Lee Wilson, Jr., LMFT and Toni L. Childs, LMFT), all of which supported the treating physician's opinion. ECF No. 19 at 15-21. The court further concluded that, crediting the treating physician's opinion as true, plaintiff was disabled. ECF No. 19 at 21. The court therefore remanded for payment of benefits, specifically finding that no purpose would be served by remanding for further proceedings, principally under the authority of Benecke v. Barnhart, 379 F.3d 587 (9th Cir. 2004) and Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

On September 24, 2015, the Commissioner moved to alter or amend the court's judgment. ECF No. 21. The motion argues only the first Allstate ground, and is based upon the Commissioner's view that it was legal error to remand for payment of benefits rather than for

---

[1] Plaintiff initially sought benefits on September 20, 2007, over eight years ago. See ECF No. 19 at 3. This court reversed the Commissioner's initial denial of benefits on July 31, 2012, and remanded for further development of the record. Id. at 3-4.

1 further proceedings. Plaintiff opposes the motion for reconsideration. ECF No. 22.

2 III. ANALYSIS

3 The court will deny the Commissioner's motion because its order remanding for the payment of benefits is not based on a manifest error of law. As the Commissioner correctly argues, the Ninth Circuit law governing remand for payment of benefits has been further developed after Benecke and Lester. However, that further development does not counsel a different result in this case. The Ninth Circuit has devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to the Commissioner with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). There is "flexibility" built into the rule, however. Specifically, even if all three above factors are satisfied, the court should still remand for further proceedings, rather than for an award of benefits "when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Id. at 1021.

However, "where the record has been fully developed and where further administrative proceedings would serve no useful purpose," remand for the payment of benefits is warranted. Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1164 (9th Cir. 2012) (remanding for immediate payment of benefits where, as here, "there are no outstanding issues to be resolved," the complete record shows that plaintiff "is likely to miss multiple days of work per month," and "[t]he vocational expert testified that a person with Brewes' characteristics who would miss that much work was not employable.")

The court acknowledges the Commissioner's often-stated and vehement disagreement with the Ninth's Circuit's "credit-as-true jurisprudence," and her apparent view that recent Ninth Circuit authority undermines earlier Ninth Circuit authority on the propriety of remanding for

3

payment of benefits.  See ECF No. 21 at 2-4 & 3 n.2.  However, this court is bound by *all* Ninth Circuit decisions where there is no intervening legislation, Supreme Court decision or en banc Ninth Circuit decision irreconcilably to the contrary.  See Ferguson v. Corinthian Colleges, Inc., 733 F.3d 928, 933 (9th Cir. 2013) (prior circuit authority "is controlling absent any clearly irreconcilable intervening higher authority") (citing Miller v. Gammie, 335 F.3d 889, 893 (9th Cir.2003) (en banc)); Baker v. Delta Air Lines, Inc., 6 F.3d 632, 637 (9th Cir. 1993) (Ninth Circuit decisions are binding "unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions") (internal quotation marks omitted).  Accordingly, the court will continue to apply *all* authoritative Ninth Circuit decisions, even if they were handed down before the year 2014 or 2015, and even if the Commissioner believes that they were wrongly decided.

Although the court's decision did not specifically list the Garrison factors, the court considered those factors in determining that the matter should be remanded for the immediate calculation and payment of benefits.  See ECF No. 19 at 14-15 (finding the ALJ rejected treating physician's medical opinion without providing adequate reasons as required by Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)), 11-22 (after reviewing the entire record, finding that if the opinion is credited as true, plaintiff is disabled).  The record as a whole does not create "serious doubt" that plaintiff is, in fact, disabled.

The Commissioner's motion offers no reason for the court to change its determination, other than mere disagreement with the court's decision.  This court has already rejected the Commissioner's argument, offered in her cross-motion for summary judgment, that "should the Court find the ALJ erred in rejecting Dr. Murphy's opinion, it should remand for further administrative proceedings" to resolve what she describes as "this conflict."  See ECF No. 18 at 14.  The motion for reconsideration will be denied where, as here, the Commissioner offers mere disagreement with the court's decision, and recapitulates the arguments it made before the court in its cross-motion for summary judgment.  See Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1237 (E.D. Cal. 2010) (rejecting Rule 59(e) motion where plaintiff's "arguments on reconsideration simply recapitulate her original argument").

IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the Commissioner's Motion to Alter or Amend Judgment (ECF No. 21), is DENIED.

DATED: December 4, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE